JAMES LITTLEFIELD *vs.* JEFFERSON PRATT.

Since the *St.* of 1836, *c.* 273, has prohibited special pleas in bar, every case must be tried upon the general issue, known as such in the law of pleading, or upon a plea specially ordered by the court as a general issue; and consequently such plea is sufficient, and if the plaintiff demurs to it, judgment must be rendered for the defendant.

IN a writ of *scire facias*, returnable at the December term of the court of common pleas, 1843, the plaintiff alleged that he recovered judgment at the September term of said court in 1842 against J. R. Woolson and W. Cutter, principal defendants

and Pratt, the present defendant, their trustee ; that execution issued, on said judgment, against said principal defendants, and against their goods, effects, and credits, in said Pratt's hands and possession ; and that an ineffectual demand of the same was made on said Pratt, within thirty days from the time of the rendition of said judgment : Wherefore, the plaintiff prayed that said Pratt might show cause why judgment and execution should not be awarded against him and his own goods and estate.

At the return term, the defendant was ordered to file a specification of his defence. In the following vacation, he filed a statement of what he should offer to prove at the next term, by way of defence, and also stated that he should " move for leave to answer on oath, as supposed trustee." At the June term 1844, the defendant asked leave to file an answer, which he exhibited to the court. This the court refused, on the ground that he had answered in the original process, and did not set forth any new matter which he might not have put into his original answer. The action was then continued to September term 1844, which was held by *Washburn*, J., when the defendant asked the court to direct him how to plead. The court thereupon passed the following order : " The defendant having filed his specification of defence, and the court being of opinion that there is no general issue embracing the matters in controversy, as stated in said specification, directs the defendant to plead that the plaintiff ought not to have execution against him for the damages and costs mentioned in the plaintiff's writ." The defendant then pleaded, as follows : " And now the said Pratt, as above directed by the court, comes and defends, &c. when, &c. and for plea says, that the plaintiff ought not to have execution against him for the damages and costs mentioned in the plaintiff's writ, and thereof puts himself on the country." The plaintiff filed a demurrer to this plea, and also a motion to set aside the pleadings. The defendant joined the demurrer, and th court rendered judgment for the defendant. From that judgment, the plaintiff appealed to this court.

*Brigham*, for the plaintiff. By the 40th section of the rules of the court of common pleas, established at January term 1822, " where there is no form of general issue, embracing the merits and matters in controversy, it shall be competent for the court to direct how a general issue may be formed, so as to embrace such merits." And since *St.* 1836, *c.* 273, has required that the general issue be pleaded in all cases, it is doubtless proper, if it was not before, for the court, in *scire facias*, to frame an issue that shall enable the parties to try the merits. But the plea, in the present case, was not proper for that purpose. The defendant is to answer on oath, and the matter is to be decided on his oath. Story's Pleadings, (Oliver's ed.) 532. Rev. Sts. *c.* 109, §§ 40, 41. An issue to the country is wholly unwarranted and wrong. A jury is not to decide whether the court shall issue an execution against the defendant.

*Josiah Adams*, for the defendant, was stopped by the court.

DEWEY, J. All special pleading being abolished by *St.* 1836, *c.* 273, every case must be tried either upon the general issue, or on some plea specially ordered by the court, as a substitute for it, and to be treated as the general issue. The practical effect of this must necessarily be, to prevent the filing of demurrers to pleas offered in defence. Whether wisely or unwisely the form of presenting a defence upon special pleading has been thus summarily abrogated, is not the question before us. Such is the fact, and such the law; and the parties, in raising their grounds of defence, or in reply, in avoidance, to ʊ defence put in, must adapt their form of proceeding to this modification of our legal system. Although, from the form of the plea, it cannot now be met by a demurrer, yet this will not prevent the plaintiff from denying the sufficiency of the facts, proposed to be shown in support of the general issue, to constitute a valid legal defence. It only changes the mode in which the plaintiff is to raise his objections. Formerly, if these facts were set forth in a special plea, their sufficiency might be questioned by filing a demurrer to such special plea. This cannot now be done, because the general issue will not present those facts. The form of the plea, being the general issue, must be good and

sufficient in all cases. If, however, the facts set forth in the specification of defence, and which are offered in support of the general issue, are supposed by the plaintiff to be insufficient to sustain such plea, or to constitute a good defence, he may present that objection distinctly to the court, and ask the instruction of the court that the matter offered to be proved, (if the objection be taken before the introduction of the evidence,) or that the facts as shown by the defendant, assuming them to be proved, as contended for by him, would constitute no defence to the action, and would not authorize a verdict for the defendant. If such instructions were refused, such refusal would furnish a ground for filing exceptions; and upon those exceptions, the case might be brought before this court for re vision. In this way, all the rights of the parties would be substantially secured. It may not be, in all cases, so convenient a mode of presenting the legal questions arising in a cause, as upon a special plea and demurrer; but it will be found to be the only practicable mode, under the present rules of pleading.

The result must be, therefore, that the demurrer be overruled, and judgment be entered for the defendant on the plea filed ny him